# EXHIBIT A

1  Robert J. McGahan (SBN 196568)
   *rmcgahan@goodwinprocter.com*
2  Joshua S. Lipshutz (SBN 242557)
   *jlipshutz@goodwinprocter.com*
3  **GOODWIN PROCTER LLP**
   601 S. Figueroa Street, 41st Floor
4  Los Angeles, CA  90017
   Tel.:   (213) 426-2500
5  Fax:   (213) 623-1673

6  Attorneys for Defendants
   **BANK OF AMERICA CORPORATION,**
7  **COUNTRYWIDE FINANCIAL**
   **CORPORATION, COUNTRYWIDE HOME**
8  **LOANS, INC., COUNTRYWIDE CAPITAL**
   **MARKETS, LLC, COUNTRYWIDE**
9  **SECURITIES CORPORATION,**
   **CWHEQ, INC., and CWABS, INC.**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MBIA Insurance Corporation, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Bank of America Corporation, a Delaware corporation, Countrywide Financial Corporation, a Delaware corporation, Countrywide Home Loans, Inc., a New York corporation, Countrywide Capital Markets, LLC, a California limited liability company, Countrywide Securities Corp., a Delaware corporation, CWHEQ, Inc., a Delaware corporation, CWABS, Inc., a Delaware corporation, Greenwich Capital Markets, Inc., a Delaware corporation, HSBC Securities (USA) Inc., a Delaware corporation, UBS Securities, LLC, a Delaware limited liability company, Angelo Mozilo, an individual, David Sambol, an individual, Eric Sieracki, an individual, Ranjit Kripalani, an individual, Jennifer Sandefur, an individual, Stanford Kurland, an individual, and John and Jane Does 2-100,<br><br>Defendants. | Case No. BC417572<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER OF BANK OF AMERICA CORPORATION, COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE CAPITAL MARKETS, LLC, COUNTRYWIDE SECURITIES CORPORATION, CWABS, INC. AND CWHEQ, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:   October 20, 2010<br>Time:   11:00 a.m.<br>Dept.:   324<br>Judge:   Hon. Emilie H. Elias<br><br>[Filed concurrently with:<br>1.  Notice of Demurrer;<br>2.  Request for Judicial Notice;<br>3.  Appendix of Non-California Authorities;<br>4.  Declaration of Robert J. McGahan; and<br>5.  [Proposed] Order]<br><br>Complaint filed: July 10, 2009 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO SAC

particularity, this Court would still be required to dismiss those claims. MBIA purports to bring claims on behalf of the Initial Purchasers[12] under California Corporations Code §§ 25401 and 25501, 25504, and 25504.1, which impose liability, respectively, against those who make material misrepresentations or omissions in connection with the offer or sale of securities in California ("primary violators"); persons or entities who "control" primary violators; and those who "materially assist" primary violators.

First, MBIA's claims are fatally defective because nowhere in its Second Amended Complaint does MBIA sufficiently allege that the offer or sale of each security actually took place in California. Such allegations are statutorily required and jurisdictional. Second, MBIA fails entirely to plead "privity" of sale of any security between any Initial Purchaser and any of the Countrywide Defendants. The law is clear that MBIA must plead which Initial Purchasers purchased from which actual sellers. Third, MBIA fails to plead that any Initial Purchaser has suffered any cognizable damage whatsoever under the California Corporations Code. Finally, MBIA's allegations supporting its claims for secondary liability must be dismissed as those claims depend on sufficient allegations of primary liability.

### 1. The Second Amended Complaint Still Fails to Sufficiently Plead That the Offer or Sale of Each Security Took Place in California.

California Corporations Code § 25401 states in relevant part:

> It is unlawful for any person to offer or sell a security *in this state* or buy or offer to buy a security *in this state* by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

(Emphasis added.) It is axiomatic that a plaintiff must plead an actual offer or sale of a security in California. "In order to have a valid cause of action under California Corporations Code § 25401 [plaintiff] must allege that there was a sale or purchase of stock in California by fraudulent untrue

---

[12] Unlike its other causes of action, MBIA's claims under the California Corporations Code are brought on behalf of the Initial Purchasers only, not the remaining Note Holders. [*See* SAC, ¶¶ 578, 598, 642 ("MBIA may bring this claim as the Initial Purchasers' subrogee.").]

- 30 -   **Exhibit A Page 4**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO SAC

statements or by omitting material facts that would by omission make the statements misleading." *MTC Elec. Techs.Co., Ltd. v. Leung*, 876 F. Supp. 1143, 1147 (C.D. Cal. 1995). The details of this requirement are set forth in California Corporations Code § 25008. Under that section, "[a]n offer or sale of a security is made in this state when an offer to sell is made in this state, or an offer to buy is accepted in this state, or (if both the seller and the purchaser are domiciled in this state) the security is delivered to a purchaser in this state."

In an attempt to satisfy this statutory and jurisdictional requirement, MBIA recites a single conclusory allegation: "Countrywide Securities and the Underwriter Defendants offered to sell and sold the Notes in the State of California." [SAC, ¶ 571.] This lone sentence, however, is fatally vague. Even if it were true that the Notes at issue in this litigation were *generally* offered for sale in California, that does not mean they were not *also* offered for sale elsewhere. If, for example, a particular Note was being offered for sale in both California and Massachusetts, and a Massachusetts purchaser decided to purchase the Note based on the offer he received in Massachusetts, then that purchaser would not have a cause of action under the California Corporations Code simply because the Note was *also* being offered for sale in California. *See McFarland v. Memorex Corp.*, 96 F.R.D. 357, 364 (N.D. Cal. 1982) ("Only purchasers who can show the requisite contacts with California can satisfy the jurisdictional limitations of Cal. Corp. Code, Section 25008."), *overruled on other grounds by In re Seagate Techs. Sec. Litig.*, 115 F.R.D. 264 (N.D. Cal. 1987). In MBIA's Complaint, there is no allegation that each one of the thousands of transactions underlying this Complaint—between "Countrywide Securities and the Underwriter Defendants" (the alleged sellers) and each of the Initial Purchasers (the alleged buyers)—*actually* took place in California or resulted from an offer made in California.

To the contrary, the allegations elsewhere in the Complaint make it highly implausible that each and every one of the transactions at issue took place in California, or resulted from an offer made in California. Countrywide Securities and the Underwriter Defendants all have principal places of business outside of California. [*See* SAC, ¶ 11 (Countrywide Securities in New York); ¶ 15 (Greenwich Capital in Connecticut); ¶ 16 (HSBC in Illinois); ¶ 17 (UBS in New York).] MBIA's list of alleged Note Holders includes numerous entities that are obviously located outside of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO SAC

California. [*See* SAC, ¶ 527 (including, *e.g.*, Blue Cross Blue Shield of Wyoming, Canada Life Assurance Company, Colorado Bankers Life Insurance Company, Connecticut General Life Insurance Company, Delta Dental of Illinois, Farm Bureau Life Insurance Company of Michigan, New York Life Insurance Company and Philadelphia United Life Insurance Company, to name but a few).] Given these specific geographic admissions, MBIA's carefully worded conclusory allegation, designed to make it sound like each one of the thousands of underlying transactions took place in California, is therefore patently insufficient—potentially downright misleading—and requires dismissal of Plaintiff's § 25401 claim. *See MTC Elec.*, 876 F. Supp. at 1147 (dismissing a California Corporations Code claim because plaintiff failed to plead that there had been an offer or sale in California).

### 2. The Second Amended Complaint Fails to Plead Required Privity Between Actual Buyers and Sellers of the Notes.

MBIA's California Corporations Code claims are also deficient because they fail to allege direct privity of sale between any Initial Purchaser and any actual seller. MBIA has alleged that Countrywide Securities Corporation and the Underwriter Defendants violated Section 25401 because they purportedly "issued and/or sold the Notes to the public." [SAC, ¶ 570]. MBIA similarly alleges that "Countrywide Securities and the Underwriter Defendants" *as a group* "offered and sold the Notes to the Initial Purchasers" *as a group*. [SAC, ¶ 572.] But these group pleading allegations are insufficient. The plain language of Sections 25401 and 25501 (imposing liability for violations of Section 25401) limits liability to the specific person who buys or sells a security from/to a specific seller or purchaser, thus requiring "strict privity." *Apollo*, 158 Cal. App. 4th at 253 ("Section 25501 on its face requires privity between the plaintiff and the defendant.").

"Strict privity" must exist between the purchaser and the "actual seller." *Kainos Labs., Inc. v. Beacon Diagnostics, Inc.*, No. C-97-4618 MHP, 1998 WL 2016634, at *14 (N.D. Cal. Sept. 14, 1998); *In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig. ("In re Nat'l Mortgage")*, 636 F. Supp. 1138, 1170 (C.D. Cal. 1986). An "actual seller" is one who "directly sold" the securities to the plaintiffs. *Apollo*, 158 Cal. App. 4th at 253 (holding that because investors purchased securities from eNucleus, not from Roth, which acted as eNucleus's placement agent,

housing and mortgage industry that began in 2007: "[s]ales of existing homes dropped, housing prices fell ... and mortgage defaults and foreclosures surged").

The Eastern District of Pennsylvania recently faced a similar situation, in which the "Complaint [wa]s also silent as to how [Plaintiff's] loss can be distinguished from the market-wide losses in mortgage-backed securities generally." *Luminent*, 652 F. Supp. 2d at 591. In that case, the court observed that "the market downturn in the mortgage industry that developed in early-to-mid 2007 is sufficient to undermine the inference of a nexus between Defendants' misrepresentations and [Plaintiff's losses]." *Id.* at 593. The court then dismissed plaintiff's securities fraud claims for failure to plead proximate cause, stating that "Plaintiffs make no allegations that would allow the Court to apportion any losses between Defendants' misrepresentations and the significant declines in [the market overall]." *Id.* at 594.

Far from meeting its burden of alleging proximate causation in this case, the Complaint makes no effort whatsoever to "distinguish[] [Plaintiff's alleged losses] from the market-wide losses in mortgage-backed securities generally." *Id.* at 591. Its common law fraud and negligent misrepresentation claims must therefore be dismissed.

## IV.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court again sustain their demurrer as to all seven Causes of Action in Plaintiff's Second Amended Complaint, this time without leave to amend.

Dated: July 22, 2010

Respectfully submitted,

By: _____
Robert J. McGahan
Joshua S. Lipshutz
**GOODWIN PROCTER LLP**

Attorneys for Defendants
**BANK OF AMERICA CORPORATION, COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE CAPITAL MARKETS, LLC, COUNTRYWIDE SECURITIES CORPORATION, CWHEQ, INC., and CWABS, INC.**