# EXHIBIT B

## TOLLING AGREEMENT

This Tolling Agreement ("this Agreement") is made effective as of the 11th day of April, 2011 (the "Effective Date") by and between Massachusetts Mutual Life Insurance Company, 1295 State Street, Springfield, Massachusetts, 01111 ("MassMutual"), Countrywide Financial Corporation, and Merrill Lynch Mortgage Capital Inc., and any of their current and former parents, predecessors, successors, subsidiaries, and affiliates or related entities ("Defendants") (collectively, the "Parties").

**WHEREAS**, MassMutual is considering whether to pursue various claims against the Defendants (the "Claims") related to Mass Mutual's purchase of certain residential mortgage-backed securities identified on Schedule A attached hereto (the "Securities");

**WHEREAS**, the Parties deem it to be in their mutual benefit that MassMutual's alleged Claims not be asserted in litigation at the present time;

**WHEREAS**, the Parties desire that for the period of this Agreement, they should be able to consider information provided by MassMutual concerning the Claims without regard to any possible time constraints that exist because of any future expiration of any applicable timing defenses;

**NOW, THEREFORE**, in consideration of the mutual agreements hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby covenant and agree as follows:

1. As used in this Agreement, the following terms shall have the following meanings:

(a) "Claims" shall mean the claims that relate to the Securities purchased by MassMutual and originated or issued by Defendants, which claims are set forth in the unfiled Complaint attached hereto and incorporated into this Tolling Agreement.

(b) "Tolling Period" shall mean the period from and including the Effective Date of this Agreement until and including the Expiration Date (as defined below) of this Agreement.

(c) "Expiration Date" shall mean the earlier of August 31, 2011, or 7 days from the date that written notice of termination of this Agreement has been served by either of the Parties on the other in accordance with paragraph 10 of this Agreement.

(d) "Timing Defenses" shall mean and include, and shall be limited to, any affirmative defenses to MassMutual's Claims that Defendants may have to the extent based upon (1) any statute of limitations, (2) laches, and/or (3) any failure of MassMutual to institute or commence litigation or other legal proceedings within some specified period, before a specified date, or before the happening of a specified event.

2. MassMutual and the Defendants stipulate, covenant and agree that Timing Defenses applicable to the Claims shall be tolled during the Tolling Period.

3. MassMutual agrees to forebear filing a petition or complaint or initiating any lawsuit or other legal proceeding against the Defendants with respect to these Claims until on or after the last day of the Tolling Period that is not a Saturday, Sunday, or legal holiday. Defendants agree to forebear filing a petition or complaint or initiating any lawsuit or other legal

proceeding against MassMutual with respect to these Claims until on or after seven days from the last day of the Tolling Period that is not a Saturday, Sunday, or legal holiday.

4. This tolling agreement does not constitute any admission of liability on the part of any of the Defendants or an admission or acknowledgement on the part of any of them that it would be a proper party to any action; nor does it constitute any admission or acknowledgement on the part of MassMutual that any statute of limitations or period of repose has run or expired. Other than as set forth herein, the Parties reserve all, and do not waive any, rights, defenses, claims, or other assertions they may have.

5. Nothing in this Agreement shall be interpreted to extend any statute of limitations that has already expired or to revive any claim barred by laches, estoppel, waiver or other applicable defense before the Effective Date.

6. The provisions of this Agreement comprise all of the terms, conditions, agreements and representations of the Parties respecting the tolling of the Timing Defenses. This Agreement may not be altered or amended except by written agreement executed by both MassMutual and the Defendants. Both MassMutual and the Defendants hereby agree that the terms of this Agreement have not been changed, modified, or expanded by any oral agreements or representations entered into or made by MassMutual or the Defendants prior to or at the execution of this Agreement.

7. The Parties hereto acknowledge that each of them has had the benefit of counsel of their choice and has been offered an opportunity to review this Agreement with chosen counsel. The Parties hereto further acknowledge that they have, individually or through their respective counsel, participated in the preparation of this Agreement, and it is understood that no

provision hereof shall be construed against any party hereto by reason of either party having drafted or prepared this Agreement.

8. This Agreement may be executed in one or more original or facsimile counterparts, each of which shall be deemed an original, but also which together will constitute one and the same instrument. The laws of the state of Massachusetts shall apply to the Agreement and any dispute arising from the Agreement.

9. This Agreement shall terminate on the Expiration Date as provided in paragraph 1(c) above, unless extended in writing by the parties to be bound.

10. Either MassMutual or the Defendants may terminate this Agreement, effective 7 days after the date of serving a written notice of termination, by serving notice of termination by letter to the other party. Such notice letter shall be served by e-mail transmission, followed by the delivery of an original of the notice letter by United States certified mail, return receipt requested, to the following three persons at the following mailing and e-mail addresses:

If to MassMutual:

David Allen, Esq.
Senior Vice President and Deputy General Counsel
MassMutual Financial Group
1295 State Street, B417
Springfield, MA 01111

Dallen5@massmutual.com

Laura Cullison
Assistant Vice President and Counsel
MassMutual Financial Group
1295 State Street, B430
Springfield, MA 01111

Lcullison@massmutual.com

Philippe Selendy, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor

- 4 -

New York, New York, 10010

philippeselendy@quinnemanuel.com

If to the Defendants:

Craig R. Baldauf, Esq.
Associate General Counsel
Bank of America
Hearst Tower
214 N. Tryon Street
Charlotte, NC 28255

craig.baldauf@bankofamerica.com

Jill Fairbrother, Esq.
Assistant General Counsel
Bank of America
50 Rockefeller Plaza
New York, NY 10020

jill.fairbrother@bankofamerica.com

11. The Parties shall treat this Agreement as highly confidential. Without limiting the foregoing in any way and except as noted in this Paragraph, (a) the Parties shall not disclose this Agreement, its existence, or any of its contents to any person or entity other than employees of the Parties with a need to know or the Parties' legal counsel; and (b) this Agreement and its contents shall not be admissible in any court proceeding or other proceeding, except for the sole purpose of responding to an argument that one or more claims encompassed by this Agreement are untimely under the applicable statute of limitations or are otherwise subject to any of the Timing Defenses. However, the Parties may disclose this Agreement where (a) necessary to report to appropriate taxing authorities, or to the accountants or auditors of the Parties, as and only to the extent required to perform auditing or tax accounting work; (b) to the extent necessary for purposes of financial reporting, including SEC and regulatory filings, and (c) as required by a court, arbitration panel, regulatory agency, or governmental authority, provided,

however, that a Party intending to disclose such information in a financial report that will be made available to the public shall first provide all other Parties reasonable advance notice thereof. The terms of this paragraph will survive termination of this Agreement.

12. MassMutual represents and warrants that the individual signing this Agreement on behalf of MassMutual has authority to sign on behalf of the entity for which they have acted as signatory. Defendants represent and warrant that the individual signing this Agreement on behalf of the Defendants has authority to sign on behalf of the entities for which she/he has acted as signatory.

**SO AGREED:**

MASSMUTUAL:

Date:_____

By: David S. Allen

Title: Senior Vice President and Deputy General Counsel

COUNTRYWIDE FINANCIAL CORPORATION:

Date: July 27, 2011

By: Michael Schloessmann

Title: President

- 6 -

MERRILL LYNCH MORTGAGE
CAPITAL INC.:

Date: _____July 27, 2011_____

By: *(signature)*

By: Michael McGovern

Title: __Vice President_____

BANK OF AMERICA
CORPORATION:

Date: _____

By: Teresa Brenner

Title: _____

-7-

MERRILL LYNCH MORTGAGE
CAPITAL INC.:

Date:_____          _____

By: Michael McGovern

Title:_____

BANK OF AMERICA
CORPORATION:

Date: July 27, 2011                    *signature: Teresa M. Brenner*

By: Teresa Brenner

Title: Associate General Counsel