QUINN EMANUEL URQUHART & SULLIVAN, LLP
Harry A. Olivar, Jr. (Bar No. 143089)
harryolivar@quinnemanuel.com
Molly Stephens (Bar No. 232211)
mollystephens@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Philippe Z. Selendy (admitted *pro hac*)
philippeselendy@quinnemanuel.com
Jennifer J. Barrett (admitted *pro hac*)
jenniferbarrett@quinnemanuel.com
51 Madison Avenue
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

Attorneys for Plaintiff Massachusetts Mutual Life Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx)<br><br>MASSMUTUAL'S OPPOSITION TO THE COUNTRYWIDE DEFENDANTS' REQUEST FOR JUDICIAL NOTICE<br><br>Date:       April 9, 2012<br>Time:       11:00 a.m.<br>Courtroom: 12<br>Judge: Hon. Mariana R. Pfaelzer |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>          Defendants. | CASE NO. 11-CV-10414-MRP (MANx) |

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") submits this opposition to the Request for Judicial Notice filed by the Countrywide Defendants in support of their Motion to Dismiss the First Amended Complaint (the "Countrywide RJN").

## PRELIMINARY STATEMENT

In support of their Motion to Dismiss, the Countrywide Defendants ask the Court to take judicial notice of a prodigious number of documents, over 130 of which are not referenced in MassMutual's Complaint. As demonstrated below, the Court may not properly take judicial notice of 67 of these documents. The documents either have been submitted to establish the truth of their contents or are otherwise not the proper subject of judicial notice.

## ARGUMENT

### I. THIS COURT MAY NOT TAKE JUDICIAL NOTICE OF DOCUMENTS SUBMITTED FOR THE TRUTH OF THEIR CONTENTS

Under Federal Rule of Evidence 201, the Court may take judicial notice only of a "very narrow" category of facts that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); *Hernandez v. Denton*, 861 F.2d 1421, 1426 (9th Cir. 1988), *vacated on other grounds*, 493 U.S. 801 (1989). In light of these limitations, although the existence of a document may be judicially noticeable on a motion to dismiss, the truth of the statements contained in the document, and the defendants' interpretation of those statements, are generally not proper subjects of judicial notice. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (district court abused its discretion in taking judicial notice of facts contained in judicially noticeable documents).

1  Despite the rule prohibiting judicial notice of statements in a document for
2  their truth, the Countrywide Defendants ask the Court to take judicial notice of 10
3  documents for the truth of their contents and to accept conclusions that the
4  Countrywide Defendants seek to draw from them.  Requesting judicial notice for
5  this purpose is improper.

6  A. <u>The Court Cannot Take Judicial Notice of "Reports Issued by
7  MassMutual" to Establish MassMutual's RMBS Sophistication and
8  Monitoring</u>

9  The Countrywide Defendants cite five MassMutual "reports" (Countrywide
10 RJN Exs. 26-30) for the sole purpose of establishing that (i) "MassMutual is the
11 epitome of a sophisticated investor, particularly with respect to RMBS," and
12 (ii) "MassMutual was acutely aware of the downturn in the housing market, and . . .
13 was actively monitoring and managing the risk the downturn posed to its RMBS
14 portfolio."  Motion at 4-5, 7 & ns. 3-4.  The five reports are not the proper subjects
15 of judicial notice.

16 First, MassMutual's "sophistication" is not relevant to its claims under the
17 Massachusetts Uniform Securities Act.  *See Marram v. Kobrick Offshore Fund, Ltd.*,
18 809 N.E.2d 1017, 1027 (Mass. 2004).

19 Second, whether and to what extent MassMutual was sophisticated "with
20 respect to RMBS" is a fact reasonably subject to dispute.  It is not proper for the
21 Court to take judicial notice of statements in promotional materials prepared in 2011
22 (Countrywide RJN Exs. 26 and 28), an annual report prepared in 2011 (Countrywide
23 RJN Ex. 27), and another annual report prepared in 2008 (Countrywide RJN Ex. 29)
24 for purposes of accepting the Countrywide Defendants' conclusion that MassMutual
25 was the "epitome" of a sophisticated RMBS investor years earlier.

26 Third, what constituted the "downturn in the housing market," when it
27 occurred, when MassMutual became "acutely aware" of it, and what MassMutual
28

did to monitor and manage undefined resulting risks are all facts reasonably subject to dispute. It is not proper for the Court to take judicial notice of MassMutual's reports for purposes of accepting the Countrywide Defendants' interpretation of, or arguments based on, selected statements therein. *See, e.g.*, *Guzman v. Shewry*, 552 F.3d 941, 956 (9th Cir. 2009) (refusing to take judicial notice of a letter from the Office of Inspector General (OIG) for the truth of its description of a stated policy because "[w]hatever OIG's stated policy may be, one may reasonably dispute whether the OIG's description of the policy is consistent with the manner in which it is applied"); *Andrews Farms v. Calcot, Ltd.*, 527 F. Supp. 2d 1239, 1248-49 (E.D. Cal. 2007) (court may not take judicial notice of the truth of the statements made in public documents filed with the SEC); *In re Dura Pharms., Inc. Sec. Litig.*, 452 F. Supp. 2d 1005, 1028 n.3 (S.D. Cal. 2006) (declining to take judicial notice of defendant's annual report "for the purpose of proving the truth of the document's statements").

  B. <u>The Court Cannot Take Judicial Notice of News Articles That Purportedly Establish Market Conditions Reasonably Subject to Dispute</u>

  The Countrywide Defendants also cite five news articles (Countrywide RJN Exs. 31-35), asking that the Court accept the truth of their contents for the timing and details of the "unprecedented collapse of the housing market." Motion at 6-7 & n.8. The Countrywide Defendants cite three articles to establish that "[f]rom late 2006 through 2007, the residential real estate market suffered a widespread decline leading to the largest drop in U.S. home prices since the Great Depression." Motion at 6-7. But the dates of the real estate market collapse are facts reasonably subject to dispute, particularly given that the Countrywide Defendants' position ignores that Bear Stearns did not collapse until March 2008, the Housing and Economic Recovery Act was not passed until July 2008, Fannie Mae and Freddie Mac were

1  not taken over until September 2008, and the Emergency Economic Stabilization
2  Act was not passed until October 2008.  It is not proper for the Countrywide
3  Defendants to request judicial notice of general news articles reporting drops in
4  stock prices in 2007 (Countrywide RJN Exs. 31-32) or speculating about home sales
5  in Southern California in 2007 (Countrywide RJN Ex. 33) in an effort to conclude
6  (incorrectly) that the real estate market collapse was complete in 2007.

7  The Countrywide Defendants also cite, and present as judicially noticeable
8  facts, their interpretations of a series of charts in two additional articles
9  (Countrywide RJN Exs. 34-35), concluding that "collateral pools underlying RMBS
10 generally experienced a spike in delinquency rates, particularly for certificates
11 issued in 2006, regardless of the particular issuing entity."  Motion at 7.  But the
12 interpretation of these charts is reasonably subject to dispute.  Not only is it
13 impossible to conclude from the charts that collateral pools experienced a spike in
14 delinquency rates "particularly for certificates issued in 2006," but it is also
15 impossible to conclude that Countrywide's RMBS behaved, as the Countrywide
16 Defendants suggest, in exactly the same manner as those of all other issuers.

17 II. <u>THIS COURT MAY NOT PROPERLY TAKE JUDICIAL NOTICE OF
18     OVER 60 DOCUMENTS USED BY THE COUNTRYWIDE
19     DEFENDANTS IN SUPPORT OF THEIR STATUTE OF LIMITATIONS
20     ARGUMENTS</u>

21 In arguing that MassMutual should have known of its claims by April 10,
22 2007, or August 31, 2007, the Countrywide Defendants ask the Court to take
23 judicial notice of over 100 news articles and other documents allegedly published
24 prior to these dates.  MassMutual does not cite, reference, or incorporate a single
25 one of these documents in its Complaint.  More than half of these documents are not
26 properly subject to judicial notice because they do not reference Countrywide or
27 because the Countrywide Defendants have not established that they were "generally
28

known within the trial court's [here, the District of Massachusetts'] territorial jurisdiction."

### A. The Court May Not Properly Take Judicial Notice of Documents that Do Not Reference Countrywide

The Countrywide Defendants ask the Court to take judicial notice of at least 46 news articles not referenced in MassMutual's Complaint that make no mention of Countrywide (Countrywide RJN Exs. 32-35, 37, 39, 41, 43-44, 48-51, 53, 55-56, 68-70, 82, 90-93, 95-105, 107-108, 111, 113-115, 117, 121, 125, 132, 134). These general news articles, which do not reference any defendant or the specific subject matter of the suit, are not the proper subjects of judicial notice. *See, e.g.*, Fed. R. Evid. 201(a); *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 793 F. Supp. 2d 1138, 1146 n.12 (C.D. Cal. 2011) (Pfaelzer, J.) ("[T]he Court DENIES the request [for judicial notice] for Exhibits 1–9 and 65 because they are public news articles which were not referenced in the SAC."); *Patel v. Parnes*, 253 F.R.D. 531, 549 (C.D. Cal. 2008) (declining to take judicial notice "of articles that do not pertain directly to Standard Pacific" in a securities class action against two Standard Pacific executives, even for the purpose of ascertaining the "'total mix' of information available to investors"). Indeed, the two Ninth Circuit decisions cited by the Countrywide Defendants confirm that courts may properly take judicial notice only of articles explicitly referencing the defendants or the subject of the lawsuit. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009) (taking judicial notice of articles that discussed the stolen paintings at issue in the lawsuit); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 980-81 & n.18 (9th Cir. 1999) (taking judicial notice of articles that explicitly concerned the named defendants).

For the same reason, three of the complaints in other lawsuits cited by the Countrywide Defendants (Countrywide RJN Exs. 147, 148, and 150) also are not

proper subjects of judicial notice. These complaints—involving two ratings agencies and American Home Mortgage—make no mention of Countrywide or of any individual defendant. They therefore do not involve "adjudicative facts" and are not subject to judicial notice. *See, e.g.*, Fed R. Evid. 201, note to subdivision (a) ("adjudicative facts" are those that "relate to the parties"); *Harris v. Stonecrest Care Auto Ctr., LLC*, 559 F. Supp. 2d 1088, 1089 (S.D. Cal. 2008) (declining to take judicial notice of a court order in a case that "involved different parties"); *In re Zoran Corp. Derivative Litig.*, 511 F. Supp. 2d 986, 1001 (N.D. Cal. 2007) (declining to take judicial notice of an exhibit filed in a separate case because it "involve[d] different parties making different allegations and asserting different claims, theories and arguments").

      B.     <u>The Court May Not Properly Take Judicial Notice of Articles in Foreign Publications</u>

The Countrywide Defendants also request that the Court take judicial notice of nine articles published in foreign newspapers (Countrywide RJN Exs. 72, 79, 85, 94, 98, 109, 123, 126, 135). Because these articles were published in foreign countries, they cannot be said to have been "generally known within the territorial jurisdiction" of either this Court or the transferor court during the relevant period and are not proper subjects of judicial notice. *See* Fed. R. Evid. 201(b); *United States v. LaRouche*, No. 92-6701, 4 F.3d 987, at *4 (4th Cir. 1993) (per curiam) (unpublished) (denying request for judicial notice of "a report in a foreign newspaper"); *cf. Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575, 2009 WL 1424529, at *6 & n.4 (N.D. Cal. May 20, 2009) (declining to take judicial notice of city council meeting minutes now available on the internet because there was no evidence they were generally known or available in 2004).

### C. The Court May Not Properly Take Judicial Notice of Privately Produced Reports

Finally, the Countrywide Defendants ask the Court to take judicial notice of four reports published by private organizations or released by government agencies (Countrywide RJN Exs. 139-140, 144, 146). The Countrywide Defendants make no attempt to show that MassMutual had actual knowledge of any of these reports or that these reports were generally known within the industry. Where questions of fact exist regarding the distribution of reports such as these, judicial notice is inappropriate. *See United States v. Baker*, 641 F.2d 1311, 1316 (9th Cir. 1981) (declining to take judicial notice of an injunction where "[t]here was no evidence of broad public knowledge of the 1978 injunction or that a duty to call the hotline was common knowledge in the community"); *Lingad v. Indymac Fed'l Bank*, 682 F. Supp. 2d 1142, 1146 (declining to take judicial notice of a law review article).

## CONCLUSION

For the foregoing reasons, MassMutual respectfully requests that the Court deny the Countrywide Defendants' request for judicial notice of Exhibits 26-35, 37, 39, 41, 43-44, 48-51, 53, 55-56, 68-70, 72, 79, 82, 85, 90-105, 107-109, 111, 113-115, 117, 121, 123, 125-126, 132, 134-135, 139-140, 144, 146-148, and 150.

| | | |
|---|---|---|
| 1 | DATED: March 19, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By  /s/ Harry A. Olivar, Jr. |
| 4 | | Harry A. Olivar, Jr.<br>Molly Stephens |
| 5 | | 865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 |
| 6 | | (213) 443-3000<br>Fax (213) 443-3100 |
| 7 | | Philippe Z. Selendy (admitted *pro hac*) |
| 8 | | Jennifer J. Barrett (admitted *pro hac*)<br>51 Madison Avenue, 22nd Floor |
| 9 | | New York, NY 10010<br>(212) 849-7000<br>Fax (212) 849-7100 |
| 10 | | |
| 11 | | *Attorneys for Plaintiff Massachusetts Mutual Life Insurance Company* |