1  DEAN J. KITCHENS, SBN 82096,
   DKitchens@gibsondunn.com
2  ALEXANDER K. MIRCHEFF,
   SBN 245074
3  AMircheff@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
4  333 South Grand Avenue
   Los Angeles, California 90071-3197
5  Tel: 213.229.7000
   Fax: 213.229.7520
6
   Attorneys for Defendant
7  UBS SECURITIES LLC

8  THOMAS C. RICE (*pro hac vice*)
   trice@stblaw.com
9  ALAN TURNER (*pro hac vice*)
   aturner@stblaw.com
10 SIMPSON THACHER & BARTLETT LLP
   425 Lexington Avenue
11 New York, New York 10017
   Tel:  212.455.2000
12 Fax:  212.455.2502

13 Attorneys for Defendant
   DEUTSCHE BANK SECURITIES, INC.
14

ROBERT H. BARON (*pro hac vice*)
rbaron@cravath.com
ROWAN D. WILSON, SBN 118488
rwilson@cravath.com
CHRISTOPHER D. BELELIEU
(*pro hac vice*)
cbelelieu@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Tel:  212.474.1000
Fax:  212.474.3700

ROBERT A. SACKS, SBN 150146
sacksr@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA 90067-1725
Tel:  310.712.6600
Fax:  310.712.8800

Attorneys for Defendant
J.P. MORGAN SECURITIES LLC (f/k/a
J.P. Morgan Securities, Inc.)

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORP., et al.,<br><br>Defendants. | Case No. 11-CV-10414-MRP (MANx)<br><br>**STATEMENT OF UNDERWRITER DEFENDANTS REGARDING PRIOR DOCUMENT PRODUCTIONS AND DEPOSITION TRANSCRIPTS** |

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for UNITED WESTERN BANK, F.S.B, <br><br>         Plaintiff, <br><br>    v. <br><br> COUNTRYWIDE FINANCIAL CORP., et al., <br><br>         Defendants. | Case No. 11-CV-6208-MRP (MANx) |

Because the parties could not come to an agreement on this issue, the Underwriter Defendants[1] set forth below a brief statement regarding their position as to the production of prior document productions and deposition transcripts from other residential mortgage-backed securities ("RMBS") actions and government investigations.

Plaintiffs continue to press their overbroad request that the Underwriter Defendants in these actions—most of which only underwrote one or a few of the securitizations at issue—reproduce in these actions their document productions and deposition transcripts from other unrelated RMBS actions and government investigations. Plaintiffs' request should be denied because it would introduce into these actions large quantities of mostly irrelevant documents that will not advance the goal of getting an efficient "head start" on document discovery by looking to relevant prior document productions. Plaintiffs' request is also unnecessary because the Underwriter Defendants will search their files using the best available sources for documents relevant to the issues in these actions—*i.e.*, the emails of the relevant custodians and other electronically-stored information concerning the securitizations they underwrote—in response to Plaintiffs' forthcoming document requests.

---

[1] The Underwriter Defendants are UBS Securities LLC, Deutsche Bank Securities Inc., and J.P. Morgan Securities LLC. Deutsche Bank Securities Inc. and J.P. Morgan Securities LLC are not parties in Case No. 11-CV-6208-MRP (MANx).

Acknowledging that there may be some limited set of previously-produced documents that it would be useful for the Underwriter Defendants to produce here at the outset of discovery to supplement the numerous documents the Countrywide Defendants have agreed to produce (and that will likely represent the core of relevant documents in these actions), the Underwriter Defendants have proposed to reproduce here those documents they have previously produced in other RMBS cases involving the same set of Countrywide securitization(s) upon which each Underwriter is being sued in these actions (*Massachusetts Mutual Life Insurance Company v. Countrywide Financial Corporation, et al.*, 2:11-cv-10414, and, as to UBS Securities LLC, *FDIC v. Countrywide Financial Corporation, et al.*, 2:11-cv-10400).[2]  Following this early initial production, Plaintiffs can then request from the Underwriter Defendants other documents relevant to these actions through the normal discovery process.  The Underwriter Defendants' proposal is tailored to promote efficiency and economy in these actions while avoiding the wholesale production of irrelevant documents or the burdens associated with culling through millions of pages of prior productions, the vast majority of which have nothing to do with the issues in these actions, to identify potentially relevant documents.

Plaintiffs' proposal would inefficiently expand discovery in these cases and require the parties to review vast quantities of documents that are mostly or completely

---

[2] For UBS Securities LLC, this proposal would result in the production of 538,474 pages of documents, plus numerous spreadsheets in native format, and four deposition transcripts from the following three cases:  (1) *Maine State Retirement System, et al. v. Countrywide Financial Corporation, et al.*, No. 2:10-cv-00302 (C.D. Cal.); (2) *New Mexico State Investment Council v. Countrywide Financial Corporation, et al.*, No. D-0101-CV-2008-02289 (N.M. Santa Fe Cnty); and (3) *Federal Home Loan Bank of Seattle v. UBS Securities, LLC, et al.*, No. 09-2-46350-6 SEA (Super. Ct of Wash. King Cnty.).  These materials are tailored to—and would constitute all relevant materials concerning—five of the nine securitizations at issue (*i.e.*, CWALT 2005-72; CWHL 2005-1; CWALT 2006-0A3; CWMBS 2006-OA5; CWALT 2006-OA10) as to UBS in these coordinated actions.  UBS Securities LLC is also involved in five additional actions involving some of the same securitizations at issue here, and J.P. Morgan Securities LLC (sued here as underwriter on one securitization) and Deutsche Bank Securities Inc. (sued as underwriter on two securitizations) are each involved in two other actions involving the same securitizations that each is being sued upon here, but document production and depositions have not yet commenced in those actions.

irrelevant. Similar requests have been denied by other courts.[3] Rule 26(b)(1) "distinguish[es] between discovery regarding matters that are relevant to a party's claim or defense and discovery of a broader scope encompassing 'any matter relevant to the subject matter involved in the action,'" so that the latter may only be permitted where "good cause exists for authorizing it," which plaintiffs cannot here show. *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008); *see also, e.g.*, *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2008). Plaintiffs seek to justify their overbroad request by arguing that any documents relating to the Underwriter Defendants' dealings with Countrywide are relevant to the instant actions because defendants have asserted a due diligence defense. This casts the net too wide. Documents unrelated to the securitizations at issue here have nothing to do with the Underwriter Defendants' due diligence defenses, which are based on the specific diligence that each underwriter conducted in connection with the securitizations it underwrote, and certainly does not warrant the wholesale production of all prior productions in other RMBS actions or investigations involving Countrywide securitizations. The Underwriter Defendants therefore respectfully submit that the Court should adopt the Underwriter Defendants' proposal and reject Plaintiffs' proposal.

---

[3] *See, e.g.*, *King Cnty.* v. *Merrill Lynch & Co., Inc.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) (rejecting request for SEC production because "the Court cannot ascertain whether the documents requested actually relate to Plaintiffs' claims and defenses"); *New Jersey Carpenters Health Fund* v. *DLJ Mortgage Capital, Inc.*, 08-CV-5653, (PAC), slip op. at 1-2 (S.D.N.Y. Mar. 2, 2012) (denying a similar request because "the Government's [investigation] is far broader than the limited subject matter of this lawsuit"); *In re Goldman Sachs Grp., Inc., Sec. Litig.*, No. 10-CV-3461 (PAC), Order at 1, Dkt. No. 97, Jan. 9, 2013 Tr. 7:16-8:11, Dkt. No. 94 (S.D.N.Y. Feb. 4, 2013) ("Nothing in the discovery provisions of the Fed. R. Civ. P. would justify the production" of "documents not related to the four CDO's [at issue]."); *Pensacola Firefighters' Relief Pension Fund* v. *Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 597 (N.D. Fla. 2010) ("[P]roduction of all of the documents produced to the [regulators], without a more particularized request, could potentially allow plaintiff to bypass the limitations on the scope of discovery established by the Rules.").

DATED: April 12, 2013

By: /s/ Dean J. Kitchens

Dean J. Kitchens, SBN 82096,
Alexander K. Mircheff, SBN 245074
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Tel: 213.229.7000
Fax: 213.229.7520

Attorneys for Defendant
UBS SECURITIES LLC

By   /s/ Alan Turner

Thomas C. Rice (*pro hac vice*)
Alan Turner (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Tel: 212.455.2000
Fax: 212.455.2502

-and-

Deborah L. Stein, SBN 224570
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Tel: 310.407.7500
Fax: 310. 407.7502

Attorneys for Defendant
DEUTSCHE BANK SECURITIES, INC.

4

Gibson, Dunn & Crutcher LLP

UNDERWRITERS' STATEMENT REGARDING PRIOR DOCUMENT PRODUCTIONS
11-CV-10414 MRP (MANx) and 11-CV-6208-MRP (MANx)

|   |   |
|---|---|
| 1 | By:   /s/ Robert H. Baron |
| 2 | Robert H. Baron (*pro hac vice*)<br>Rowan D. Wilson, SBN 118488 |
| 3 | Karin A. DeMasi (*pro hac vice*)<br>J. Wesley Earnhardt (*pro hac vice*) |
| 4 | Christopher D. Belelieu (*pro hac vice*)<br>CRAVATH, SWAINE & MOORE LLP |
| 5 | 825 Eighth Avenue<br>New York, New York 10019 |
| 6 | Tel:  212.474.1000<br>Fax:  212.474.3700 |
| 7 | |
| 8 | Robert A. Sacks, SBN 150146<br>SULLIVAN & CROMWELL LLP |
| 9 | 1888 Century Park East<br>Los Angeles, CA 90067-1725 |
|   | Tel: 310.712.6600 |
| 10 | Fax:  310.712.8800 |
| 11 | Attorneys for Defendant J.P. MORGAN<br>SECURITIES LLC (f/k/a J.P. Morgan |
| 12 | Securities, Inc.) |

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 333 South Grand Avenue, Los Angeles, California 90071.

On April 12, 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all known counsel of record. I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on April 12, 2013, at Los Angeles, California.

Alexander K. Mircheff
(Type of Print Name)                    (Signature)