Brian E. Pastuszenski (*pro hac vice*)
*bpastuszenski@goodwinprocter.com*
Inez H. Friedman-Boyce (*pro hac vice*)
*ifriedmanboyce@goodwinprocter.com*
**GOODWIN PROCTER** LLP
Exchange Place
Boston, MA 02109-2802
Tel.:  617-570-1000
Fax:  617-570-1231

John O. Farley (*pro hac vice*)
*jfarley@goodwinprocter.com*
**GOODWIN PROCTER** LLP
620 Eighth Avenue
New York, NY  10018
Tel.: 212-813-8800
Fax: 212-355-3333

Lloyd Winawer (SBN 157823)
*lwinawer@goodwinprocter.com*
**GOODWIN PROCTER** LLP
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.:  213-426-2500
Fax: 213-623-1673

*Attorneys for Defendants*
Countrywide Financial Corporation, Countrywide
Securities Corporation, Countrywide Capital Markets,
LLC, Countrywide Home Loans, Inc., CWALT, Inc.,
CWABS, Inc., CWMBS, Inc., and CWHEQ, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Countrywide Financial Corporation Mortgage-Backed Securities MDL | 2:11-ml-02265-MRP (MANx)<br><br>**PROPOSED SCHEDULE**<br><br>Courtroom:  12<br>Judge:      Hon. Mariana R. Pfaelzer |

1
2
3
4
5
6
7
8

ALLSTATE INSURANCE COMPANY, *et al.*,

            Plaintiffs,

      v.

COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,

            Defendants.

2:11-cv-005236-MRP (MANx)

9
10
11
12
13
14
15

BANK HAPOALIM B.M.,

            Plaintiff,

      v.

BANK OF AMERICA CORPORATION, *et al.*,

            Defendants.

2:12-cv-04316-MRP (MANx)

16
17
18
19
20
21
22
23

MINNESOTA LIFE INSURANCE COMPANY, *et al.*,

            Plaintiffs,

      v.

COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,

            Defendants.

2:12-cv-06149-MRP (MANx)

24
25
26
27
28

1
2
3
4
5
6
7
8

NATIONAL INTEGRITY LIFE
INSURANCE COMPANY,

        Plaintiff,

      v.

COUNTRYWIDE FINANCIAL
CORPORATION, *et al.*,

        Defendants.

2:11-cv-09889-MRP (MANx)

9
10
11
12
13
14
15

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
UNITED WESTERN BANK, F.S.B.

        Plaintiff,

      v.

COUNTRYWIDE FINANCIAL
CORPORATION, *et al*.,

        Defendants.

2:11-cv-10400-MRP (MANx)

16
17
18
19
20
21
22
23

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

        Plaintiff,

      v.

COUNTRYWIDE FINANCIAL
CORPORATION, *et al.*,

        Defendants.

2:11-cv-10414-MRP (MANx)

24
25
26
27
28

# PROPOSED SCHEDULE

Pursuant to the Court's April 5, 2013 directive, the Countrywide Defendants submit the following schedule, which has been agreed upon by all parties.  As the schedule shows, the parties have reached agreement on an overall structure and the great majority of issues which were once in contention.  There are only two issues that have not yet been resolved, both of which are italicized below.

| Event | Deadline |
|---|---|
| Commencement of Discovery (Defendants may serve document requests on Plaintiffs, and Plaintiffs may serve document requests on Defendants other than the Countrywide Defendants on or after this date; other forms of written discovery also permitted) | April 15, 2013 |
| Initial Disclosures by All Parties Other Than the Countrywide Defendants | April 17, 2013 |
| Joint Submission of a Proposed Protective Order | April 19, 2013 |
| Countrywide Defendants'[1] production of closing loan schedules for all Countrywide securitizations from 2004 through 2007 in the Countrywide Defendants' possession, custody or control | April 22, 2013 |

[1] The "Countrywide Defendants" shall mean Countrywide Financial Corporation, Countrywide Home Loans, Inc., CWALT, Inc., CWMBS, Inc., CWHEQ, Inc., CWABS, Inc., Countrywide Capital Markets, Countrywide Securities Corporation, and Stanford Kurland.

1

| Event | Deadline |
|---|---|
| Bank of America Defendants'[2] production of closing loan schedules for the BAFC 2006-8T2, BAFC 2007-1, and BAFC 2007-3 securitizations, and Merrill Lynch Defendants'[3] production of closing loan schedules for the MANA 2007-A2 and MANA 2007-AF1 securitizations, that are in their possession, custody, or control and that can be located through a reasonable search and a diligent inquiry[4] | April 22, 2013 |
| Production by Plaintiffs of Document Productions and Transcripts of Testimony in cases or investigations Dealing with Loan Origination and Securitization Issues, subject to any subsequent clawbacks for privilege reasons | May 10, 2013 |

---

[2] "Bank of America Defendants" shall mean Bank of America Corporation, Bank of America, N.A., and Banc of America Funding Corporation.

[3] "Merrill Lynch Defendants" shall mean Merrill, Lynch, Pierce, Fenner & Smith, Inc. (f/k/a Banc of America Securities LLC), Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., and Merrill Lynch Mortgage Investors, Inc.

[4] To the extent such documents cannot be found in centrally located files, the parties will discuss whether and to what extent additional searches would be reasonable. Further, in *Bank Hapoalim, B.M. v. Bank of America Corp.*, No. 12-CV-04316, Plaintiff Bank Hapoalim, B.M. ("Hapoalim"), the Bank of America Defendants, and the Merrill Lynch Defendants have agreed to the production of additional closing loan schedules and a procedure for ascertaining which schedules those shall be. The parties do not anticipate this production being completed by April 22, 2013, but intend for it to be done on a rolling basis and to be completed as soon thereafter as reasonably practicable.

| Event | Deadline |
|---|---|
| Production by Countrywide Defendants of Documents Previously Produced and Deposition Transcripts of Countrywide employees and former employees in the Countrywide SEC Investigation, *In re Countrywide Fin'l Corp. Sec. Litig.* (*New York Funds*), *Maine State Retirement System v. Countrywide*, *MBIA* v. *Countrywide Home Loans, Inc.*, and the FHLB Cases Set Forth Below (Excluding Loan Files and Materials Relating to Successor Liability), with Bates Numbers from original cases, subject to any subsequent clawbacks.[5]  Best efforts will also be made to produce video of depositions, to the extent such videos exist.  Countrywide will use best efforts to provide notice to deponents in the foregoing cases to the extent required under the applicable protective orders.  If any deponent objects (or does not consent) to the production of his/her deposition transcript, Countrywide will notify (or cause counsel for such deponents to notify) counsel for plaintiffs. | May 10, 2013 |

---

[5] The "FHLB cases" shall mean the following cases for purposes of this scheduling stipulation and order:   *Federal Home Loan Bank of Seattle v. Banc of America Securities LLC, et al.*, No. 09-2-46319-1 SEA (Super. Ct of Wash. King Cnty.); *Federal Home Loan Bank of Seattle v. Countrywide Securities Corporation, et al.*, No. 09-2-46321-2 SEA (Super. Ct of Wash. King Cnty.); *Federal Home Loan Bank of Seattle v. UBS Securities, LLC, et al.*, No. 09-2-46350-6 SEA (Super. Ct of Wash. King Cnty.); *Federal Home Loan Bank of Atlanta v. Countrywide Fin. Corp., et al.*, Civil File No. 11EV011779-01G (Ga. State Ct., Fulton Cnty.); *Federal Home Loan Bank of Atlanta v. JP Morgan Securities, LLC, et al.*, Civil File No. 11EV011779-02G (Ga. State Ct., Fulton Cnty.); and *Federal Home Loan Bank of Pittsburgh v. J.P. Morgan Securities, et al.*, No. GD-09-016892 (Pa. Ct. of Common Pleas, Allegheny Cnty.).

| Event | Deadline |
|---|---|
| *Plaintiffs' Proposal: Production by Underwriter Defendants[6] of prior document productions and deposition transcripts and video of Underwriter Defendants' employees and former employees from other RMBS cases and investigations that involve Countrywide securitizations, subject to any subsequent clawbacks for privilege reasons.*<br><br>*Defendants' Proposal: Production by Underwriter Defendants of prior document productions and deposition transcripts from other RMBS cases that involve the same Countrywide securitization(s) (and only those securitization(s)) upon which each Underwriter is being sued in Massachusetts Mutual Life Insurance Company v. Countrywide Financial Corporation, et al., 2:11-cv-10414 (and as to UBS Securities LLC, FDIC v. Countrywide Financial Corporation, et al., 2:11-cv-10400), subject to any subsequent clawbacks for privilege reasons.* | *May 10, 2013* |
| Deadline for Parties to Agree on Methodology for loan sampling, if they are able to | May 10, 2013 |

---

[6] The "Underwriter Defendants" shall mean J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., and UBS Securities LLC.

| Event | Deadline |
|---|---|
| *Plaintiffs' Proposal: Countrywide Defendants' and Underwriter Defendants' production of final loan tapes for each of the securitizations at issue in these cases. Countrywide Defendants' production of final loan tapes for all Countrywide securitizations from 2004 through 2007.[7]*<br><br>*Defendants' Proposal: The Countrywide Defendants and Underwriter Defendants will use best efforts to produce loan tapes from centrally located network and shared folders for each of the securitizations at issue in these cases in the Defendants' possession, custody or control.  To the extent Plaintiffs conduct a broad sample and that sampling process identifies loans whose files are not within the custody, possession or control of Countrywide, Countrywide will use best efforts to provide Plaintiffs with additional borrower, originator and/or servicer information about the loan upon a Plaintiff request for such information.* | May 10, 2013 |
| Bank of America Defendants' production of closing loan tapes for the BAFC 2006-8T2, BAFC 2007-1, and BAFC 2007-3 securitizations, and Merrill Lynch Defendants' production of closing loan tapes for the MANA 2007-A2 and MANA 2007-AF1 securitizations, that are in their possession, custody, or control and that can be located through a reasonable search and a diligent inquiry.[8]  To the extent final versions of closing loan tapes cannot be definitively identified with reasonable efforts, the parties will discuss the production of the closest approximations thereto. | May 10, 2013 |

---

[7]   Plaintiffs agree to accept Defendants' proposal and use loan schedules for sampling purposes, provided that defendants are not permitted to challenge plaintiffs' sampling methodology based on differences in loan information available in the loan schedules versus the loan tapes.

[8] To the extent such documents cannot be found in centrally located files, the parties will discuss whether and to what extent additional searches would be reasonable. Further, in *Bank Hapoalim, B.M. v. Bank of America Corp.*, No. 12-CV-04316, Hapoalim, the Bank of America Defendants, and the Merrill Lynch Defendants have agreed to the production of additional loan tapes and a procedure for ascertaining which tapes those shall be.  The parties do not anticipate this production being completed by May 10, 2013, but intend for it to be done on a rolling basis and to be completed as soon thereafter as reasonably practicable.

| Event | Deadline |
|---|---|
| On or after this date, Plaintiffs may request additional Document or Deposition Discovery from the Countrywide Defendants.  Parties will meet and confer promptly and Plaintiffs will make an application for any requests not consented to by the Countrywide Defendants | June 3, 2013 |
| If No Agreement on Loan Sampling Methodology, each Plaintiff serves Expert Report on same, which shall identify their chosen samples by loan number and describe the methodology used, its bases, and how it was applied to the population of loans | June 3, 2013 |
| If there is agreement on loan sampling methodology, plaintiffs identify their chosen sample by loan number.  The parties will collaborate to make sure the loans in the sample are clearly identified. | June 3, 2013 |

PROPOSED SCHEDULE

| Event | Deadline |
|---|---|
| Production by Bank of America Defendants of documents previously produced and transcripts of depositions previously taken in their civil RMBS cases involving the BAFC 2006-8T2, BAFC 2007-1, or BAFC 2007-3 securitization, or involving originators of loans backing the BAFC certificates purchased by Hapoalim, to the extent the documents or transcripts concern such securitizations or originators and can be identified through a reasonable search and a diligent inquiry. Production by Merrill Lynch Defendants of documents previously produced and transcripts of depositions previously taken in their civil RMBS cases involving the MANA 2007-A2 or MANA 2007-AF1 securitization, or involving originators of loans backing the MANA certificates purchased by Hapoalim, to the extent the documents or transcripts concern such securitizations or originators and can be identified through a reasonable search and a diligent inquiry. Such productions shall include Bates numbers from the prior cases, and shall be subject to any subsequent clawbacks for privilege reasons. Reasonable efforts will also be made to produce videos of depositions to the extent transcripts are produced and to the extent such videos exist. Reasonable efforts will be used to provide notice to deponents in the foregoing cases to the extent required under applicable protective orders. If any deponent objects (or does not consent) to the production of his/her deposition transcript, the Bank of America Defendants or the Merrill Lynch Defendants, as the case may be, will notify (or cause counsel for such deponent to notify) counsel for Hapoalim. | June 10, 2013 |
| If No Agreement on Loan Sampling Methodology, Date for Filing Any *Daubert* Motions Challenging Plaintiffs' Loan Sampling Methodology | July 19, 2013 |
| If No Agreement on Loan Sampling Methodology, Oppositions to *Daubert* Motions on Loan Sampling | August 16, 2013 |
| Defendants and Third Parties to substantially complete production of loan files that are reasonably requested by Plaintiffs, as well as all applicable underwriting guidelines, in the parties' possession, custody or control | August 30, 2013 |
| Motion for Joinder of Parties | August 30, 2013 |

| Event | Deadline |
|---|---|
| If No Agreement on Loan Sampling Methodology, Replies in Support of *Daubert* Motions on Sampling | September 13, 2013 |
| Hearing on *Daubert* Motions on Sampling | September 30, 2013, 11 a.m. |
| Substantial Completion of Party Document Discovery | October 18, 2013 |
| Substantial Completion of Third-Party Document Discovery | December 13, 2013 |
| Completion of Fact Depositions and close of fact discovery | January 24, 2014 |
| Parties Serve Expert Reports on Matters for Which They Bear the Burden of Proof (other than loan sampling methodology addressed above), or on any Other Matters | February 21, 2014 |
| Parties serve Rebuttal Expert Reports (on issues other than loan sampling methodology addressed above and re-underwriting) | May 23, 2014 |
| Defendants serve rebuttal reports on re-underwriting | July 18, 2014 |
| Close of Expert Discovery | August 8, 2014 |
| Summary Judgment Motions | August 29, 2014 |
| Oppositions to Summary Judgment Motions | October 3, 2014 |
| Replies in Support of Summary Judgment Motion | December 5, 2014 |
| Hearing on Summary Judgment Motions | December 22, 2014, 11 a.m. |

The above schedule applies to the six remaining matters that the Court designated in the Minute Order.

As of the time of this filing, there are only two disputes remaining. The first involves the Underwriter Defendants' production of materials from other litigations and investigations, which those parties will address separately.

The second dispute is the subject of an agreement amongst the parties reached on Friday evening, which is contingent on client approval by the Defendants. The

1 | Countrywide Defendants anticipate such approval on Monday, April 15, obviating
2 | the need for the Court to expend time or resources.

3 |      In any case, the dispute concerns the production of "loan tapes" for the
4 | offerings that are not at issue in the pending actions in order to allow plaintiffs to
5 | develop a "broad sample." In the Countrywide Defendants' vast experience
6 | searching and producing from their own files, finding and validating loan tapes is an
7 | expensive, uncertain and burdensome process that can take an exceptionally long
8 | time. Incurring these burdens is unnecessary under the circumstances because the
9 | "closing loan schedules" that Countrywide has offered to produce can be used for
10 | precisely the same purpose (relevant to this discussion) as plaintiffs intend to use the
11 | loan tapes: creating a sample of loans. The parties have thus agreed that loan tapes
12 | for deals not at issue need not be produced, contingent upon Defendants' agreement
13 | to not challenge the broad sample methodology based on the absence of certain
14 | categories of information available only on the loan tapes and not available on the
15 | closing loan schedules.

16 |      Given the timing of the agreement reached, however, some of the Defendants
17 | have been unable to secure required client approvals of this agreement. It is
18 | anticipated that such approvals will be obtained on Monday, April 15. In light of
19 | the likely resolution of this disagreement, and the Countrywide Defendants'
20 | understanding that the Court requested only a short identification of the open issues,
21 | the Countrywide Defendants will not belabor this point. Defendants, however,
22 | reserve the right to further address this issue should resolution not be reached.

23

24

25

26

27

28

PROPOSED SCHEDULE

| | |
|---|---|
| 1 | Dated:  April 12, 2013 |

By:   /s/ Brian E. Pastuszenski
     Brian E. Pastuszenski (*pro hac vice*)
     *bpastuszenski@goodwinprocter.com*
     Inez H. Friedman-Boyce (*pro hac vice*)
     *ifriedmanboyce@goodwinprocter.com*
     **GOODWIN PROCTER LLP**
     53 Exchange Place
     Boston, Massachusetts  02109
     Telephone:  617-570-1000
     Facsimile:  617-523-1231

     John O. Farley (*pro hac vice*)
     jfarley@goodwinprocter.com
     **GOODWIN PROCTER LLP**
     620 Eighth Avenue
     New York, NY  10018
     Telephone: 212-813-8800
     Facsimile: 212-355-3333

     Lloyd Winawer (SBN 157823)
     lwinawer@goodwinprocter.com
     **GOODWIN PROCTER LLP**
     601 S. Figueroa Street, 41st Fl.
     Los Angeles, California  90017
     Telephone:  213-426-2500
     Facsimile:  213-623-1673

     *Counsel for Defendants Countrywide*
     *Financial Corporation, Countrywide Home*
     *Loans, Inc., CWALT, Inc., CWMBS, Inc.,*
     *CWHEQ, Inc., CWABS, Inc., Countrywide*
     *Capital Markets, and Countrywide Securities*
     *Corporation*

     *Signing as to* Allstate, Bank Hapoalim,
     Minnesota Life, National Integrity, *and*
     United Western Bank

Dated:  April 12, 2013         By:

     /s/Adam S. Hakki
     Adam S. Hakki (*pro hac vice*)
     *ahakki@shearman.com*
     John Gueli (State Bar No. 171914)
     *jgueli@shearman.com*
     SHEARMAN & STERLING LLP
     599 Lexington Avenue
     New York, NY 10022
     Tel:  (212) 848-4000
     Fax: (212) 848-7179

PROPOSED SCHEDULE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Counsel for Countrywide Financial Corporation*
*and Countrywide Securities Corporation*

*Signing as to* Massachusetts Mutual

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of New York, State of New York, and not a party to the above-entitled cause. On **April 13, 2013**, I electronically filed the following document(s) using the CM/ECF system:

**PROPOSED SCHEDULE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First Class Mail, Federal Express, postage prepaid, have dispatched it to a third party commercial carrier for delivery within 3 calendar days, or, by agreement of the parties, e-mail, to the following non-CM/ECF participants:

| | |
|---|---|
| Jennifer J. Barrett<br>**QUINN EMANUEL URQUHART &<br>SULLIVAN LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010 | Adam Hornstine<br>Jeffrey B. Rudman<br>Christopher B. Zimmerman<br>**WILMER HALE LLP**<br>60 State Street<br>Boston, MA 02109 |
| Stephen E. Spelman<br>**EGAN FLANAGAN & COHEN PC**<br>67 Market Street<br>P.O. Box 9035<br>Springfield, MA 01102 | |

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **April 13, 2013**, at New York, New York.

_____
Marion R. Harris
(Type or print name)

_____
(Signature)